# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-cv-03088 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CITY OF WAUKEGAN, MICHAEL URBANCIC, WILLIAM BIANG, PHIL STEVENSON, MIGUEL JUAREZ, DAVID DEPREZ, and BENNY STARKS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scottsdale Insurance Group ("Scottsdale") has filed suit against the City of Waukegan ("Waukegan"), Michael Urbancic, William Biang, Phil Stevenson, Miguel Juarez, David Deprez (collectively, the "Individual Defendants" and, along with Waukegan, the "Waukegan Insureds"), and Benny Starks. Scottsdale seeks a declaratory judgment that it owes no obligation under certain law enforcement liability insurance policies with respect to the Waukegan Insureds' potential liability in a pending civil rights lawsuit filed by Starks in the Northern District of Illinois (the "*Starks* Suit" or "underlying litigation"). Currently before the Court is the Waukegan Insureds' motion to dismiss Counts III through VII of Scottsdale's Amended Complaint for Declaratory Judgment ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (Dkt. No. 25.) As explained below, because adjudicating Counts III through VII would require this Court impermissibly to determine ultimate facts in controversy that could bind the parties in the underlying litigation, the Motion is granted.

## BACKGROUND

In 1986, Starks was arrested, charged, and convicted of a sexual assault. (Am. Compl. ¶ 17, Dkt. No. 20.) Twenty years into his sixty-year sentence, newly-surfaced DNA evidence led to the reversal of Starks's conviction. (*Id.*) Starks subsequently filed the underlying litigation against the Waukegan Insureds, alleging, among other things, that they caused his wrongful charging, prosecution, and conviction by falsifying or improperly altering evidence, by suppressing and destroying exculpatory evidence, and by giving false testimony. (*Id.* ¶ 22.) Starks seeks compensatory and punitive damages, costs, and attorneys' fees from the Waukegan Insureds. (*Id.*) As of the date of this Order, the *Starks* Suit is still in the discovery stage, and a three-week trial is set for August 2015. *See Starks v. City of Waukegan, et al.*, Case No. 1:09-cv-00348 (N.D. Ill.) at Dkt. Nos. 226, 252.[1] There have been no factual determinations made in the *Starks* Suit.

Shortly after Starks filed the underlying litigation, the Waukegan Insureds tendered their defense to Scottsdale, which had issued to Waukegan four policies for law enforcement liability insurance effective from November 1, 1987 until November 1, 1991 (the "LEL Policies"). (Am. Compl. ¶¶ 14, 18, Dkt. No. 20.) Scottsdale agreed to participate in the defense of the Waukegan Insureds pursuant to a reservation of rights, expressly reserving its right to deny coverage and withdraw from the defense of the *Starks* Suit. (*Id.* ¶ 19.) On April 24, 2013, Scottsdale instituted the current lawsuit pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. No. 1.) Scottsdale later filed the Amended Complaint (Dkt. No. 20), in which it seeks the following declarations:

---

[1] The Court takes judicial notice of the docket of the *Starks* Suit. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (in determining a 12(b)(6) motion, a court may refer to information that is subject to proper judicial notice); *Barrow v. City of Chicago*, No. 13-cv- 8779, 2014 WL 1612712, at *3 n.2 (N.D. Ill. Apr. 21, 2014) (court dockets are properly subject to judicial notice in deciding a motion under Rule 12(b)(6)).

- No duty to defend the Waukegan Insureds in the *Starks* Suit exists under any of the LEL Policies (Count I);

- The *Starks* Suit does not trigger coverage because the allegations do not fall within the effective policy periods of the LEL Policies (Count II);

- The allegations in the *Starks* Suit state intentional acts undertaken with the intent to cause harm and are therefore not covered by any of the LEL Policies (Count III);

- The allegations in the *Starks* Suit concern acts committed by the Individual Defendants outside the scope of their duties as employees and, therefore, no coverage exists under the LEL Policies for the Individual Defendants (Count IV);

- The allegations in the *Starks* Suit contend that the Waukegan Insureds intended, expected, or reasonably could have expected the injury alleged and, therefore, no coverage exists under the LEL Policies (Count V);

- The allegations in the *Starks* Suit state criminal, malicious, fraudulent, or dishonest acts for which no coverage exists under the LEL Policies (Count VI); and

- There is no coverage under the LEL Policies for any punitive or exemplary damages claimed in the *Starks* Suit (Count VII).

The Waukegan Defendants filed an answer to Counts I and II (Dkt. No. 24), but moved to dismiss Counts III through VII (Dkt. No. 25). [2]

---

[2] The Waukegan Insureds did not move to dismiss Counts I and II of the Amended Complaint, which are the counts that implicate the insured's duty to defend. Yet Scottsdale spends much of its response brief addressing that very topic. As the duty to defend was not raised in the Motion, it is not properly before the Court. Nonetheless, the Court notes that under Illinois law, "once the duty to defend is found to exist with respect to one or some of the theories of recovery advanced in the underlying litigation, the insurer must defend the insured with regard to the remaining theories of recovery as well." *Nat'l. Union Fire Ins. Co. of Pittsburgh, Pa. v. Glenview Park Dist., et al.*, 632 N.E.2d 1039, 1042-43 (Ill. 1994).

**DISCUSSION**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

Under Illinois law,[3] the so-called *Peppers* doctrine provides that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation." *Allstate Ins. Co. v. Kovar*, 842 N.E.2d 1268, 1275 (2d Dist. 2006) (citing *Maryland Cas. Co. v. Peppers*, 355 N.E. 2d 24, 30 (Ill. 1976)). In *Maryland Casualty Co. v. Peppers*, the Illinois Supreme Court found that the trial court in an insurance coverage case had abused its discretion when it found that the insured (the defendant in an underlying personal injury action) had intentionally caused injury to the plaintiff in the underlying litigation. 355 N.E. 2d at 29-30. The Illinois Supreme Court held that this issue was one of the "ultimate facts upon which recovery is predicated in the [underlying] personal injury action against [the defendant], which had been filed considerably before the declaratory judgment action had been instituted." *Id.* at 30. The court reasoned that such a determination regarding the declaratory judgment action was "premature," and that the collateral estoppel

---
[3] The parties agree that the substantive law of the State of Illinois law applies. (Mot. to Dismiss at 3, Dkt. No. 25; Pl's Resp. at 3, Dkt. No. 28.)

4

effect of any factual determinations in the declaratory judgment action would interfere with the adjudication of the underlying action. *Id.* Thus, in insurance coverage litigation, the *Peppers* doctrine "specifically precludes determination of any ultimate facts upon which liability or recovery might be predicated in the underlying case." *Landmark Am. Ins. Co. v. NIP Grp., Inc.*, 962 N.E.2d 562, 579 (1st Dist. 2011).

In order to adjudicate any of Counts III through VII, the Court would be required to make impermissible factual determinations upon which liability could be predicated in the *Starks* Suit. For example, to adjudicate Count IV of the Amended Complaint, the Court would have to establish whether the Individual Defendants committed actions that were "outside the scope of their duties as employees." (Am. Compl. ¶ 32, Dkt. No. 20.) Put another way, the Court would have to determine the facts regarding what actions were taken by the Individual Defendants, establish the limits to the scope of the Individual Defendants' employment, and resolve whether the actions at issue fell beyond that scope. Similarly, to resolve Count III, the Court would have to determine whether any of the Waukegan Insureds engaged in "intentional acts undertaken with the intent to cause harm" (*id.* ¶ 31); Count V would require that the Court determine whether the Waukegan Insureds "intended, expected, or reasonably could have expected the injury alleged" (*id.* ¶ 35); Count VI would require the Court to adjudicate whether any of the Waukegan Insureds had engaged in "criminal, malicious, fraudulent, or dishonest acts" (*id.* ¶¶ 37-38); and Count VII would require the Court to decide whether "punitive or exemplary damages" are covered by the Scottsdale LEL Policies, prior to such damages being levied in the *Starks* Suit *(id.* ¶¶ 40-41). Any of these facts could serve as predicates for the liability of the Waukegan Insureds in the *Starks* Suit. Thus, it would be improper under the *Peppers* doctrine for the Court to determine them in this declaratory action.

Furthermore, the Court declines to stay Counts III through VII pending final resolution of the *Starks* Suit. A district court may stay or dismiss an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) in "the sound exercise of its discretion." *Wilton v. Sevens Falls Co.*, 515 U.S. 277, 288 (1995); *see also Sta–Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996). The *Starks* Suit is currently set for trial in August 2015; thus, a final determination of liability is not due to occur for over one year from the date of this Order. Post-trial motions and potential appeals may add months—if not years—to that time period. And when all is finally said and done in the underlying litigation, it is possible that some or all of the claims considered in this Order will no longer be in controversy. Because a final determination of the Waukegan Insureds' liability in the *Starks* Suit is a distant prospect and may render irrelevant certain claims brought by Scottsdale, the Court dismisses Counts III through VII of the Amended Complaint without prejudice. *See Scottsdale Ins. Co. v. Vill. of Dixmore et al.*, No. 13-cv-6392, 2014 WL 1379888, at *3 (N.D. Ill. Apr. 8, 2014).

## CONCLUSION

For the foregoing reasons, the Waukegan Insureds' Motion is granted. Counts III, IV, V, VI, and VII of the Amended Complaint are dismissed without prejudice to Plaintiff refiling those claims as appropriate after final disposition of the case *Starks v. City of Waukegan, et al.*, No. 09-CV-00348 (N.D. Ill.).

Dated: July 21, 2014

Andrea R. Wood  
United States District Judge